DUNHAM TOWING & WRECKING CO. v. AUSTRALIA TRANSIT CO.

(Circuit Court of Appeals, Sixth Circuit. December 14, 1915.)

No. 2659.

TOWAGE ☞11—INJURY TO TOW—FAULT OF TUGS.

Two tugs engaged in towing a steamer from a dry dock out of Chicago Harbor, whose masters had charge of her navigation, *held* in fault, and liable for her injury by collision with the protection piling of a bridge.

[Ed. Note.—For other cases, see Towage, Cent. Dig. §§ 11–23; Dec. Dig. ☞11.]

Appeal from the District Court of the United States for the Northern District of Ohio; William. L. Day, Judge.

Suit in admiralty by the Australia Transit Company, owner of the steamer Polynesia, against the steam tugs Charnley and Mosher; the Dunham Towing & Wrecking Company, claimant. Decree for libelant, and claimant appeals. Affirmed.

T. C. Robinson, of Chicago, Ill., for appellant.

F. L. Leckie, of Cleveland, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

PER CURIAM. The steamer Polynesia, about 380 feet long, owned by appellee, engaged the tugs Charnley and Mosher, owned by appellant, to tow the steamer out of the harbor of Chicago from a dry dock therein. In the course of the towing, which began in the evening after dark, the steamer, which was being towed stern foremost, with a tug at the stern and at the bow, collided with the protection piling of the center pier of the Chicago avenue bridge, about 620 feet (less than two steamers' length) below the dry dock, suffering injury; hence the libel. The District Court found the tugs solely at fault and decreed accordingly.

The questions at issue include, as prominent features, alleged negligence of the tugs as respects both excessive speed and the maneuvers necessary to avoid the pier, as well as a "knuckle" caused by the projection into the river of a coal dock a little above the bridge pier; also, contributory negligence charged against the steamer in failing, as alleged, to respond to the tug's signal and in causing the steamer's bow tow line to foul with the anchor. The controlling questions are purely of fact, whose discussion would profit no one. We content ourselves with saying that, after careful consideration of the record and the able briefs and arguments of counsel, we agree with the conclusion of the District Judge that the tugs, whose masters were in control of the maneuvers and familiar with the attendant difficulties, were at fault in permitting the collision, and that negligence on the part of the steamer contributing thereto is not, in our opinion, made out.

The decree of the District Court is accordingly affirmed, with costs.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes